By the Court.
The Ohio Electric Railway Company operates interurban or traction railways. In April of the present year the defendant was a passenger in a car that left Urbana for Springfield; he asked to be let off the car at one of the streets in the city of Urbana; he had a controversy with the conductor in charge of the car, and the conductor ejected him at. a point outside of that city. This angered the defendant and he picked up a stone about the size of a man’s fist and hurled it at the car in the direction of the conductor. The stone struck on the inside of the rear vestibule, just missed striking several passengers and struck a window breaking it.
The defendant was indicted under Section 12497, General Code, which reads as follows: “Sec. 12497.' Whoever wilfully throws a stone or other hard substance or shoots a missile at a railroad car, train, locomotive, cable railway car or. street railway car, or at a steam vessel or water craft used for carrying passengers or freight, or both, on any of the waters within or bordering on this state, shall be fined not less than fifty dollars nor more than five hundred dollars and imprisoned in the penitentiary not more than three years or in the county jail not more than six months.”
The first’ count in the indictment charged the *66 defendant with throwing a stone at a railroad car, and the second count charged him with throwing a stone at a street railway car.
The court, on motion, excluded the evidence from the jury and instructed the jury to bring in a verdict of not guilty, and the prosecutor files exceptions in this court.
It is said that the court directed the verdict on the ground that an interurban car does not come within the terms of the statute.
The first act was passed in 1879 (76 O. L., 11), and provided: “That whoever wilfully throws'any stone , or other hard substance, or shoots any missile at any railroad car, train or locomotive, shall be fined,” etc.
The law was amended in 1884 (81 O. L., 125), by adding steam vessels or water craft, and in 1887 (84 O. L., 81), by adding “or at any cable railway car or street railway car.” It is contended that interurban cars were not known at the' inception of the statute, and that, therefore, they could not have been intended to be .comprised in its terms, and that under the maxim exclusio unius est exclusio alterius such cars are clearly excluded from the' terms of the statute.
"We do not think either contention is sound. The rule is well settled “that a statute may include by inference a case not originally contemplated when it deals with a genus within which a new species is brought by a subsequent statute.” The cases illustrating this rule are numerous: People v. Kriesel, 136 Mich., 80; 4 A. & E. Ann. Cas., 5 (note); U. S. v. Nihols, 4 McLean (U. S.), *67 23; State v. Becton, 7 Baxt. (Tenn.), 138; Reg v. Cottle, 16 Q. B., 412; Collier v. Worth, 1 Ex. D., 464; Taylor v. Goodwin, 4 Q. B. D., 228; Parkyns v. Preist, 7 Q. B. D., 313.
The rule applies also to new species that come into existence otherwise than by statute. And when the new species is clearly within the mischief intended to be prevented the rule is not inapplicable because of the rule of strict construction of penal statutes. Endlich on Interpretation of Statutes, Secs. 112 and 335.
The maxim referred to is not of universal application, but is to be applied only as an aid in arriving at intention and not to defeat the apparent intention. The statute as originally enacted unquestionably was broad enough to comprise any kind of a railroad car. The amendments were not intended to narrow the statute, but to add other things, and the subsequent enumeration of cable railway cars and street railway cars was not the addition of new things, but was intended to remove any question as to such cars being within the terms of the statute.

Exceptions sustained.

Summers, C. J., Crew, Spear, Davis, Shauck and Price, JJ., concur.